IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADRIAN MENDEZ,

    Defendant.

8:12CR232

**MEMORANDUM AND ORDER**

This matter is before the court after hearings on an Amended Petition for an Offender Under Supervision ("Amended Petition"), Filing No. 92, and on the defendant's oral motion for a provisional sentence and commitment to a suitable facility under 18 U.S.C. § 4244(d).

I.   BACKGROUND

The defendant had appeared before the undersigned on June 29, 2017, and admitted to Allegation No. 3 of the Amended Petition—a violation of Special Condition #4 which states, "[t]he defendant shall attend, pay for and successfully complete and diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g. AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer." Filing No. 99, Minute entry. At that hearing, the parties discussed the need for a psychiatric evaluation of the defendant and the hearing was continued in order to obtain an evaluation. *Id.*

On September 13, 2017, the defendant appeared before the undersigned and again admitted to Allegation No. 3 of the Amended Petition. The court found the defendant competent to enter that admission, found the admission was free and voluntarily, and

accordingly, accepted the admission. Before sentencing, the defendant orally moved for a provisional sentence under 18 U.S.C. § 4244(d).

Matthew Huss, a forensic psychologist, conducted a psychiatric evaluation of the defendant and submitted a Forensic Evaluation to the court. He found Mendez met the criteria for schizoaffective disorder-bipolar type and antisocial personality disorder. In addition, he found Mendez met criteria for stimulant use disorder, severe, and alcohol use disorder severe by history. In the report, Dr. Huss found Mendez presented a high risk of violence toward others given his near universal endorsement of the most relevant historical, clinical and future risk factors, but noted the risk could be better managed with treatment for his mental illness.

The defendant has a history of threatening behavior and attempts to harm himself and others. He also has a clear history of suicidal ideation and suicide attempts. He was placed on suicide watch numerous times while in prison and admitted to recent self-injurious behavior in that he repeatedly hit his head on the wall while in custody for the present violation. In his report, Dr. Huss concluded, based on the results of testing and the defendant's behavior during the current incarceration, that the defendant is at moderate risk for self-injurious behavior for two to three months, until his medication takes full effect.

While in the custody of the Bureau of Prisons on his underlying offense, the defendant had a number of mental health issues, from auditory hallucinations and frequent laughing to diagnoses of depression, adjustment disorder and bipolar disorder. Dr. Huss assessed the defendant in two interviews. He also administered several objective tests, one of which indicated Mendez was not exaggerating his mental health symptoms during the second interview.

Dr. Huss concluded that, although the test results suggested some level of exaggeration, any exaggeration or malingering appears to diminish with improvement in Mendez's mental health symptoms. Dr. Huss also evaluated the defendant's competency and concluded that overall Mendez was competent to stand trial under federal standards.[1]

At the hearing, Dr. Huss testified that he believed Mendez needs inpatient treatment for several months. He explained that Mendez's diagnosis of schizoaffective disorder meant that Mendez has some schizophrenic or psychotic-like symptoms and also some affective or mood-disorder symptoms. With respect to the psychotic part, Mendez suffers from hallucinations, delusions and disordered thinking. Dr. Huss testified those symptoms could be treated with medication, but it would take eight to ten weeks on the proper medication to get Mendez clinically stable enough to treat. After treatment, Mendez would need a supportive living arrangement and continued supervision. He testified Mendez was an especially challenging case because his mental health symptoms contribute to the substance abuse, he has exaggerated his symptoms in the past and is likely to do so in the future, and he has some antisocial tendencies once he is properly medicated.

II. Law

Federal law provides for hospitalization of a convicted person suffering from a mental disease or defect. 18 U.S.C. § 4244(d). "Under 18 U.S.C. § 4244(d), a defendant with a mental disease or defect may receive a provisional sentence and be committed for treatment prior to his final sentencing and incarceration." *United States v. Smith*, 464 F. App'x 179, 181 (4th Cir. 2012). The current framework of 18 U.S.C. § 4244 "helps to meet

---

[1] There is no dispute that the defendant is competent. The standard for a provisional sentence in lieu of imprisonment under 18 U.S.C. § 4244(d) is less demanding than the standard applied when determining whether a defendant is competent to stand trial under 18 U.S.C. § 4241(d). *See United States v. Jensen,* 639 F.3d 802, 805 (8th Cir. 2011).

several governmental interests that are distinct from questions of competency, namely, 'the governmental interests in: (1) protecting mentally ill prisoners who might be at substantial risk if placed in the general prison population; (2) ensuring the safety of other inmates; and (3) providing humanitarian treatment for mentally ill inmates.'" *United States v. Jensen*, 639 F.3d 802, 805-06 (8th Cir. 2011) (quoting *United States v. Abou–Kassem*, 78 F.3d 161, 165 (5th Cir. 1996)). Under § 4244(d), if, after a hearing, "the court finds by a preponderance of the evidence at the hearing that the defendant is suffering from 'a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility,' the court is to impose a 'provisional sentence . . . to the maximum term authorized by law for the offense for which the defendant was found guilty.'"[2] *Jensen*, 639 F.3d 802, 805 (8th Cir. 2011) (quoting 18 U.S.C. § 4244(d)). The court is instructed to commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4244(d). The Attorney General is then to "hospitalize the defendant for care or treatment in a suitable facility." *Id.*

"If, at a later date, the director of a facility to which a defendant is provisionally sentenced certifies that the defendant no longer suffers from the mental disease or defect, then the defendant may proceed to final sentencing." *Jensen*, 639 F.3d at 805 (citing 18

---

[2] Mendez's underlying conviction was for conspiracy to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, a Class B felony. *See* 18 U.S.C. § 3559(a)(2) (stating an offense with a statutory maximum of more than 25 years is a Class B felony). The underlying offense has a statutory maximum of forty years. 21 U.S.C. § 841(b)(1). The maximum term of imprisonment for a supervised release violation after a conviction for a Class B felony is three years. 18 U.S.C. § 3583(e)(3). District courts are no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms. *See United States v. Lewis*, 519 F.3d 822, 824-25 (8th Cir. 2008) (finding that a 2003 amendment "abolished the requirement that revocation prison terms be aggregated for purposes of § 3583(e)" for offenses of conviction committed after April 30, 2003.); *see also United States v. Knight*, 580 F.3d 933, 937 (9th Cir. 2009) (stating "Congress intended to ensure that a district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms."); *United States v. Tapia–Escalera*, 356 F.3d 181, 188 (1st. Cir. 2004) (finding the statutory cap "applies afresh" to each revocation sentence). Only when a court imposes both a revocation sentence and additional supervised release do prior revocation prison terms limit the permissible sentence. *United States v. Touche*, No. 16-4017, 2017 WL 2533394, at *1 (8th Cir. June 12, 2017); *see* 18 U.S.C. § 3583(h); *United States v. Zoran*, 682 F.3d 1060, 1063-64 (8th Cir. 2012).

4

U.S.C. § 4244(e)).  At that time, if the provisional sentence imposed under subsection (d) has not expired, the court proceeds to final sentencing and may modify the provisional sentence.  18 U.S.C. § 4244(e).

III.    DISCUSSION

Defendant has presented substantial evidence that shows he is presently suffering from a mental disease or defect.  The government does not challenge that assertion.  The court finds the defendant's diagnoses of schizoaffective disorder-bipolar type and anti-social personality disorder, in light of the defendant's history, show that he requires treatment in a suitable facility.

The defendant has a long and complicated psychological history, including threats and suicide attempts.  The court affords Dr. Huss's evaluation and testimony considerable weight because of its recency and the thoroughness of the evaluation.  The court finds Dr. Huss's report is a reliable depiction of the defendant's current mental health.  Dr. Huss's evaluation is supported by objective testing.  The record shows Dr. Huss considered and rejected earlier findings of malingering or feigning mental illness based on the objective testing he performed.

The court finds the defendant's behavior in connection with the supervised release violations shows the defendant requires treatment, rather than incarceration at this time. The defendant also has a long history of substance abuse and alcohol abuse and is in need of treatment for those co-occurring disorders.  The court finds by a preponderance of evidence that the defendant poses an immediate threat to himself and others. Based on his prior history, it does not appear that the defendant can obtain appropriate medical treatment at a Bureau of Prisons medical facility.  The government does not object to the defendant's proposal that a provisional sentence be imposed.

The evidence adduced at the hearing shows that the defendant is presently "suffering from a mental disease or defect for the treatment of which he is in need of custody for care and treatment in a suitable facility." 18 U.S.C. § 4244(a). Accordingly,

IT IS ORDERED:

1. The defendant is committed to the custody of the Attorney General for a term of three years—three years being the maximum term authorized for the violation—during which he is to be hospitalized for care and treatment under 18 U.S.C. § 4244(d), with this provisional sentence to be lifted and a final sentence imposed once the director of the facility certifies the defendant has sufficiently recovered in accordance with 18 U.S.C. § 4247(c) and 4244(b).

2. The Attorney General is to report to the court as to the defendant's status within three months of the date of this order.

Dated this 19th day of September, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge